IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| INDIGO AG, INC. et al, *Plaintiff,* vs. DEINES-POLLAN SERVICES, LLC et al, *Defendant.* | Case No. 23-CV-2034-EFM |

**ORDER TO SHOW CAUSE**

Plaintiffs Indigo Ag, Inc. and Indigo Marketplace, LLC bring this diversity action against Defendants Deines-Pollan Services, LLC, Michael Deines, and Ag Astra, LLC, alleging breach of contract, breach of the duty to indemnify, negligent misrepresentation, and fraudulent misrepresentation. Defendants filed a Motion to Dismiss (Doc. 12) for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Upon review of the record, the Court notes that the Managed Price Program Agreement, to which each of the Addendums at issue in Defendants' Motion are attached, contains a forum selection clause and choice of law provision. It states:

> This Agreement shall be governed by the laws of the Commonwealth of Massachusetts, without reference to any conflict of laws rule. Any dispute arising under or relating to this Agreement *must be brought in the state or federal courts*

> *in the Commonwealth of Massachusetts.* The Parties irrevocably consent to personal jurisdiction in the Commonwealth of Massachusetts . . . .[1]

This language has not been addressed by the parties. Accordingly, the Court will not address Defendants' Motion at this time. Instead, the Court must determine whether this case is properly before this Court or whether it should be transferred to the United States District Court for the District of Massachusetts under 28 U.S.C. § 1404(a). The Court must also determine whether the laws of the Commonwealth of Massachusetts, instead of Kansas law as citied by the parties, govern this dispute.

The Court further notes that the parties' counsel have already been presented with this issue in a nearly identical case. The same day this case was filed, Plaintiffs filed *Indigo Ag, Inc. v. Summit Ag, LLC*, 23-CV-2036-JAR, which was assigned to and resolved by Judge Julie A. Robinson. Both cases involve the same claims, attorneys, a similar motion to dismiss, and, most importantly, the same contract language as quoted above.[2] Judge Robinson first ordered Plaintiffs to show cause in writing and subsequently addressed the motion to dismiss.[3] In response to the order to show cause, the parties jointly stipulated that the District of Kansas had jurisdiction and Kansas law applied.[4] Despite this joint stipulation, Judge Robinson found that the forum selection clause was mandatory and enforceable under a § 1404(a) analysis and transferred the case *sua sponte* to the District of Massachusetts.[5] The Court will give the parties another opportunity to be heard on the matter in this case, if they wish to take it.

---

[1] Doc. 7-2 at 4 (emphasis added).

[2] *See Indigo Ag, Inc. v. Summit Ag, LLC*, 2023 WL 3884697, at *1–2 (D. Kan. 2023) (J. Robinson).

[3] *Id.* at *3.

[4] *Id.*

[5] *Id.* at *7.

**Therefore, the Court orders** the Plaintiffs to show cause in writing within 10 days of this Order why this case should not be transferred to the District of Massachusetts and why this dispute should not be governed by the laws of the Commonwealth of Massachusetts. Defendants shall have 10 days from the date of Plaintiffs' show cause in writing to respond. Plaintiffs may have 5 days from the date of Defendants' response to file a reply, if any.

**IT IS SO ORDERED.**

Dated this 20th day of July, 2023.

*/s/ Eric F. Melgren*
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE